FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CANDIDO CARBONELL,<br><br>                Plaintiff,<br><br>v.<br><br>TYSON FRESH MEATS, INC, a for profit corporation; DAVID TOBIAS, and his community property; and TEODORO MARISCAL, and his community property;<br><br>                Defendant. | NO: 4:19-CV-5041-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS THIRD AMENDED COMPLAINT |

BEFORE THE COURT is Plaintiff Candido Carbonell's Motion for Leave to Amend his Third Amended Complaint, ECF No. 9, pursuant to Federal Rule of Civil Procedure 15. ECF No. 24. Defendants Tyson Fresh Meats, Inc., David Tobias, and Teodoro Mariscal collectively oppose Mr. Carbonell's Motion. ECF No. 24. The Court has considered the parties' arguments, briefing, and the record, and is fully informed.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS THIRD AMENDED COMPLAINT ~ 1

# BACKGROUND

Mr. Carbonell worked for Defendant Tyson Fresh Meats Inc. ("Tyson") as a laborer from July of 2010 to March of 2017. ECF No 9 at 2, 13. In 2018, Mr. Carbonell sued Tyson and Tyson employees David Tobias and Teodoro Mariscal for alleged violations of the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), the Washington Family Leave Act (WFLA), and the Washington Law Against Discrimination (WLAD), in addition to other Washington torts. ECF No. 30, in Case NO: 4:18-cv-5054-RMP at 1. On October 16, 2018, this Court granted the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, dismissing Mr. Carbonell's claims without prejudice. *Id*. at 22. The Court found that Mr. Carbonell had failed to state his federal claims and refused to exercise supplemental jurisdiction over his remaining state law claims. *Id*.

Mr. Carbonell then filed his state claims in state court. ECF No. 24 at 7. In the course of that litigation, Mr. Carbonell filed a Second Amended Complaint, which included discrimination claims under 42 U.S.C. § 1981. *Id*. at 8. This addition prompted Defendants to remove the case to federal court, initiating the instant matter.

On May 18, 2019, Mr. Carbonell filed a Third Amended Complaint (TAC) in this Court. ECF No. 9. In his TAC, Mr. Carbonell continues to allege his Section 1981 claims, explaining that Defendants discriminated against him based

on his race and national origin. Mr. Carbonell is of black Cuban national origin. *Id.* at 3. Mr. Carbonell states that Defendant Mariscal, one of his supervisors, called him "racist and offensive names," such as "blackie" and "pinche negro." *Id.* Mr. Mariscal also allegedly made racially charged comments at Mr. Carbonell like, "Long live Fidel Castro and the Revolution," and "How did you get into this country?" *Id.* Mr. Carbonell alleges that Mr. Mariscal would approach him on a daily basis, shove him, and refer to him using racial slurs. *Id.* at 7. Although Mr. Carbonell states that he reported this abuse to supervisors on numerous occasions, his supervisors did nothing in response. *Id.* at 13. Mr. Carbonell claims that Defendants created a hostile work environment and that, as a result of their actions, he was constructively discharged. *Id.* at 17.

After Mr. Carbonell filed his TAC, Defendants moved to dismiss it for failure to state a claim. ECF No. 16. Mr. Carbonell responded to Defendant's motion (ECF No. 22) and filed a separate Motion to Amend his TAC (ECF No. 21) on the same day. Defendants now ask this Court to deny Mr. Carbonell leave to amend his TAC, arguing undue prejudice and that the proposed amendment would be futile. ECF No. 24.

## DISCUSSION

Federal policy strongly favors determining cases on their merits, and courts should give plaintiffs leave to amend their complaints freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962);

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS THIRD AMENDED COMPLAINT ~ 3

*Sonoma Cty. Ass'n of retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). The Ninth Circuit has instructed district courts to apply this policy "with extreme liberality." *Sonoma Cty. Ass'n of Retired Employees*, 708 F.3d at 1117 (quoting *Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Courts give leave to amend freely unless the opposing party can show undue prejudice, undue delay, bad faith, futility, or "a repeated failure to cure deficiencies by amendments previously allowed." *Id*. Courts will find that an amendment is futile when "the pleading could not possibly be cured by the allegation of other facts." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Furthermore, courts are unlikely to find that an amendment causes undue prejudice when the substantive issues and operative facts of a case remain the same. *See Hurn v. Retirement Fund Trust of Plumbing, Heating, and Piping Indus. in S. Cal.*, 648 F.2d 1252, 1254–55 (9th Cir. 1981). The opposing party should be prepared to litigate in those instances. *Id*.

**A) Futility**

Here, Defendants' primary argument is that any amendment to Mr. Carbonell's complaint would be futile. First, they argue that granting leave to amend would be futile because Mr. Carbonell's proposed Fourth Amended Complaint is too vague and conclusory. ECF No. 24 at 13. Defendants maintain that the Court would dismiss Mr. Carbonell's proposed Fourth Amended Complaint for failure to state a claim. *Id.* However, in his proposed Fourth Amended Complaint, Mr. Carbonell

alleges with particularity multiple instances in which Tyson employees either physically abused him while calling him racist names, or ignored such abuse when he reported it. *See, e.g.*, ECF No. 21-1 at 8–10. Therefore, Mr. Carbonell's proposed Fourth Amended Complaint is not vague and conclusory regarding his discrimination allegations.

Defendants also argue that Mr. Carbonell's proposed amendment is futile because his Section 1981 discrimination claims are time barred. ECF No. 24 at 13. However, the statute of limitations for hostile work environment claims premised on Section 1981 is four years. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (citing 28 U.S.C. § 1658(a)). The alleged wrongful conduct occurred within the past four years, with Mr. Carbonell's alleged constructive discharge occurring in March of 2017. ECF No. 9 at 13. Therefore, on its face, the Complaint does not appear to allege Section 1981 claims that are time barred.

Moreover, as Defendants pointed out in their Motion to Dismiss Plaintiff's TAC, the TAC suffered from certain, significant flaws, that were likely the result of typographical errors. *See, e.g.*, ECF No. 9 at 3. Many of the dates in the Third Amended Complaint were misstated, such that Mr. Carbonell's allegations were nonsensical. For instance, Mr. Carbonell alleged in his TAC that he was verbally and physically abused by Mr. Mariscal, his supervisor, after he left Tyson. *See id.* Counsel has corrected these errors in the proposed Fourth Amended Complaint. Ultimately, the proposed Fourth Amended Complaint provides a much clearer

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS THIRD AMENDED COMPLAINT ~ 5

picture of Mr. Carbonell's discrimination claims than the TAC. For these reasons, an amendment would not be futile.

**B) Bad Faith**

The Court next considers whether Mr. Carbonell makes this request in bad faith. Although Defendants do not expressly argue bad faith as a reason for denying leave to amend, they point out ethical concerns in their response to Mr. Carbonell's motion. *See* ECF No. 24 at 6–8. In both his TAC and his proposed Fourth Amended Complaint, Mr. Carbonell includes claims that he voluntarily dismissed in the 2018 litigation before this Court. In 2018, Mr. Carbonell conceded his ADA claim, his negligent hiring claim, and his battery and assault claims. ECF No. 23 at 2, in Case NO: 4:18-CV-5054-RMP; *see* ECF No. 30 at 20, in Case NO: 4:18-CV-5054-RMP. Despite this, Mr. Carbonell alleges negligent hiring, battery, and assault again in his TAC. ECF No. 9 at 18–19. Moreover, in his proposed Fourth Amended Complaint, Mr. Carbonell continues to allege two claims he previously conceded: negligent hiring and battery. ECF No. 21-1 at 24–25. As Mr. Carbonell previously conceded negligent hiring and battery claims, the Court will not allow Mr. Carbonell leave to amend to add those claims again. Allowing Mr. Carbonell to include claims that he previously dismissed is futile. Although Mr. Carbonell continues to allege claims that he previously voluntarily dismissed, he appears to bring the instant motion for a proper purpose: to clarify errors in his TAC and to add details to his discrimination claim. The proposed

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS THIRD AMENDED COMPLAINT ~ 6

Fourth Amended Complaint addresses substantial errors in the TAC, thereby providing a more coherent statement of Mr. Carbonell's claims. Furthermore, Defendants do not point to an improper motive, like causing undue burden or delay, in their response. Therefore, the Court does not find that Mr. Carbonell seeks leave to amend his complaint in bad faith.

### C) Undue Prejudice and Delay

Defendants argue that Mr. Carbonell should be denied leave to amend his complaint because such leave would cause undue prejudice. They state that Mr. Carbonell already has had many opportunities to plead viable claims and that he has consistently failed to do so: "Although Plaintiff has had ample opportunity to amend his complaint and to cure the countless deficiencies, he has repeatedly refused to do so, and has made concessions only after Defendants have been compelled to incur the expense of preparing and filing Rule 12(b)(6) motions." ECF No. 24 at 11. Defendants illustrate how Plaintiff's numerous amendments have caused unnecessary delay and complicated the procedural posture of this case.

While Defendants' frustration is understandable and Defendants have incurred expenses that would not have been necessary if Plaintiff's counsel had filed a well-drafted complaint, the Court does not find that Defendants will suffer undue prejudice if Mr. Carbonell is allowed leave to amend his complaint. The substantive issues and operative facts remain largely the same between the TAC

and the proposed Fourth Amended Complaint. Defendants acknowledge that the TAC and the proposed Fourth Amended Complaint "mirror" each other. ECF No. 24 at 5. Therefore, Defendants already had notice of the substance of the Fourth Amended Complaint and should be prepared to litigate the issues in the proposed Fourth Amended Complaint because they addressed those issues in their Motion to Dismiss Plaintiff's TAC. ECF No. 16. Given the nature of the proposed amendment and the stage of the proceedings, the Court does not find that allowing the proposed amendment would cause undue delay.

**D) Repeated Failure to Cure**

Defendants' cite *Zucco Partners, LLC v. Digimarc Corp.*, asserting that a district court may deny leave to amend when plaintiff has repeatedly failed to amend his complaint successfully. 552 F.3d 981, 1007 (9th Cir. 2009). In *Zucco*, the Ninth Circuit explained that, if a plaintiff repeatedly fails to correct deficiencies in his complaint, that is a "strong indication that [he has] no additional facts to plead." *Id.* (quoting *In Re Vantive Corp. Sec. Lit.*, 283 F.3d 1079, 1098 (9th Cir. 2002) *abrogated on other grounds by Gebhart v. S.E.C.*, 595 F.3d 1034 (9th Cir. 2010)). Although Mr. Carbonell has amended his complaint multiple times, he has not yet been given leave to amend potential problems with his race discrimination claims. Therefore, the Court does not conclude that there has been a repeated failure to cure the discrimination claims.

Allowing Mr. Carbonell leave to amend his TAC will serve the interests of justice and allow for the adjudication of his claims on their merits. The proposed FAC provides a more coherent statement of Mr. Carbonell's claims and allegations, which will move the litigation forward more smoothly. Moreover, Mr. Carbonell has not repeatedly failed to cure defects in his race discrimination claims, and the Court cannot conclude on the facts presented that Mr. Carbonell makes this request in bad faith. However, the Court concludes that Mr. Carbonell has had sufficient opportunity to cure the defects in his prior pleading and does not anticipate allowing any further amendments to claims beyond allowing Mr. Carbonell to file his Fourth Amended Complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to Amend ECF No. 9, **ECF No. 21**, is **GRANTED**.
2. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, **ECF No. 16**, is **DENIED AS MOOT**.

///

///

///

///

///

///

**3.** Defendant's Request for Judicial Notice in Support of its Motion to Dismiss Plaintiff's Third Amended Complaint, **ECF No. 17**, is **DENIED AS MOOT**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 24, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
